[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Article I The Dissolution of the Marriage
It is found that all of the allegations of plaintiff's complaint have been proven, that the marriage has broken down irretrievably, and the marriage is ordered dissolved for that reason.
Article II The Marital Estate of the Parties
 PLAINTIFF
CT Page 7610 Undivided 1/2 interest in family home at 66 South Road, Marlborough, CT
TOTAL VALUE $160,000
 Less first mortgage -81,464 Less home equity loan -18,323
$-99,787
TOTAL EQUITY $ 60,213
1/2 interest of plaintiff $ 30,107
 Undivided 1/2 interest in summer cottage on Ridge Road, Chesterville, ME.
TOTAL VALUE $ 35,000
Less mortgage $-24,290
TOTAL EQUITY $ 10,710
1/2 Interest of Plaintiff $ 5,355
1995 Plymouth Neon $ 3,000
Bank Accounts
 Hartford Firefighters Credit Union S/A J.T. 1/2 interest $ 270
 Hartford Firefighters Credit Union C/A J.T. 1/2 interest 1,994
 Municipal Credit Union S/A J.T. 1/2 interest 502
Liberty Bank S/A J.T. 1/2 interest 367
Glastonbury Bank Trust S/A 15,000
 Peoples Heritage J.T. 73 ________ TOTAL $ 18,206
 Deferred Compensation
CT Page 7611
Vanguard V.R.P. Plan $ 21,503
A.R.C. Pension Retirement System 7,773
TOTAL $ 29,276
Plaintiff's Total Marital Estate $ 85,944
DEFENDANT
 1/2 Interest in equity in family home at 66 South Road, Marlborough, CT $ 30,106
 1/2 Interest in family cottage on Ridge Road, Chesterville, ME 5,355
 1997 Mazda Value $ 9,000 Less loan -6,684 Equity $ 2,316 $ 2,316
 Life Insurance
John Hancock R.V. $5,000 C.S.V. $4,865
Bank Accounts
 Hartford Firefighters Credit Union S/A J.T. 1/2 interest $ 269
 Hartford Firefighters Credit Union C/A J.T. 1/2 interest 1,994
 Municipal Credit Union S/A J.T. 1/2 interest 502
Liberty bank S/A J/T 1/2 interest 367
Glastonbury Bank Trust Co. S/A 220
Peoples Heritage J.T. 1/2 interest 73
 TOTAL $ 3,425 Pension
 City of Hartford (Pension Contribution CT Page 7612 as of 7/1/99 $70,668)
Defendant's Total Marital Estate $46,067
TOTAL MARITAL ESTATE $132,011
Article III: A Review of the Evidence as it Relates to Sec. 46b-81c C.G.S.
A. General Background Information
The plaintiff wife, who is forty-six years old, and the defendant husband, who is forty-eight, were married on April 28, 1973, twenty-seven years ago. of their union there were two children, a son born in 1975 and a daughter born in 1976.
During the early years of the marriage plaintiff was busy at home as a housewife and homemaker while defendant was employed as a mechanic for the City of Hartford. In 1979 plaintiff began eight years of employment on the night shift at Photomat Lab in East Hartford, working from 4:00 p.m. until midnight. After five years she was promoted to supervisor. In 1987 she began three years of employment at Marlborough Health Care as a nurse's aide. In 1992 she began her present employment at the American Red Cross. There her weekly gross earnings are $728 with a weekly net after the usual deductions of $469.
Defendant's employment record reveals that in 1979 he left his work as a mechanic to become a firefighter for the City of Hartford, the position he presently holds. His gross weekly income is $1116, and his weekly net after the usual deductions, an additional pension contribution of $89, and a credit union payment of $138 amounts to $508.
B. Fault
For the most part the parties enjoyed a quiet life. In plaintiff's words "my husband didn't like going anywhere." In 1985 plaintiff learned that defendant had been unfaithful and suggested counseling. Two years later at defendant's suggestion both parties were involved briefly in a sexual triangle. More recently, in 1998, defendant admitted an extramarital affair with a woman residing in Maine. Plaintiff left the family home in September 1998. When plaintiff later suggested that they "work things out," defendant informed plaintiff that he no longer loved her. Plaintiff instituted this dissolution action shortly thereafter.
This court concludes that responsibility for the breakdown of the marriage rests with defendant. CT Page 7613
C. Health of the Parties
1. Plaintiff testified that as a result of defendant's affair she had difficulty sleeping, became depressed, lost forty-two pounds and was uneasy for one and one half years. She added that she is presently taking medication and is feeling better.
2. Defendant appears to be in reasonably good health. He stated that he is presently taking medication for depression.
D. Other Factors
Both parties are high school graduates. They have in their own way contributed equally to the acquisition of the marital estate and have similar future financial prospects.
CONCLUSION
Having considered all of the factors set forth in Sec. 46b-81c C.G.S. and having given particular weight to such predominating factors as the length of the marriage and responsibility for its breakdown, this court concludes that with the exception of defendant's pension, the marital estate of the parties should be divided as follows:
Plaintiff 53%
Defendant 47%
Article IV The Distribution of the Marital Estate
 Total Marital Estate: $132,011
 Less equity in family home - 60,213
$ 71,798
Plaintiff's Share — 53% $ 38,053
Defendant's Share — 47% $ 33,745
A. No. 66 South Road, Marlborough, CT
The above premises shall immediately be listed for sale with Carsan Better Homes Garden Realty of Marlborough, CT at the price recommended by said agent or such later modification as agreed upon by the parties. All expenses incurred relating to the sale shall be shared equally by CT Page 7614 them. The net proceeds from the sale after payment of the customary closing costs as well as payment of the college tuition loan to Federal Plus in the approximate amount of $6,919 shall be divided between the parties as follows: Plaintiff 53%, Defendant 47%.
The party occupying said premises prior to sale shall be responsible for all expenses incurred during such occupancy, including utilities, mortgage, home equity loan and real estate taxes. The parties will share said expenses equally while said premises are unoccupied.
B. The Distribution of the Balance of the Marital Estate
1. Plaintiff Shall Take and Have
1995 Plymouth Neon $ 3,000
Vanguard V.R.P. Plan 21,503
A.R.C. Pension Retirement System 7,773
 Amount due from defendant 5,777
$ 38,053
2. Defendant Shall Take and Have
 Whole interest in family cottage on Ridge Road, Chesterville, ME Total Equity $ 10,710
1997 Mazda (equity) 2,316
Life insurance — John Hancock 4,865
Hartford Firefighters Credit Union 539
Hartford Firefighters Credit Union 3,988
Municipal Credit Union 1,004
Liberty Bank 734
Glastonbury Bank Trust Co. 220
Glastonbury Bank Trust Co. 15,000
 Peoples Heritage 146
CT Page 7615 $ 39,522
 Less Amount Owed Plaintiff — 5,777
$ 33,745
Article V Supplemental Orders Relating to the Distribution of the Marital Estate
A. Plaintiff shall transfer to defendant by quit-claim deed all her interest in the family cottage located on Ridge Road, Chesterville, ME.
Defendant in turn shall hold the plaintiff harmless with regard to all encumbrances on said premises.
B. Defendant's Pension and Related Benefits
Defendant is ordered to transfer to plaintiff one-half of that portion of his pension which accrued during the period of his marriage to plaintiff. Said transfer shall be in the form of a Qualified Domestic Relations Order.
Defendant shall also assign to plaintiff one-half of that portion of his accrued vacation, holiday and earned day time accumulated during the course of his marriage to plaintiff.
 C. Comment on Plaintiff's Claim For a Share of Certain Retirement Benefits to be Received by Defendant
In her proposed orders plaintiff seeks from defendant "one-half of any and all funds received as a result of his accrued vacation, holiday earned and sick day time with the city of Hartford." The court finds plaintiff's request reasonable in all respects except as it pertains to "sick day time." The court understands that upon retirement defendant will be entitled to the cash value of his accumulated sick leave up to a point. Uncertainty exists, however, in that a future unforseen illness or accident might very well exhaust all of defendant's accumulated sick time, leaving nothing for distribution. At this point in defendant's life the conversion of his sick time to cash can at most be categorized as a wishful expectancy. As such his sick time is governed by the holding inRubin v. Rubin, 204 Conn. 224, 230 (1987) that a contingent award of expected property cannot "be upheld as a property transfer authorized by Sec. 46b-81."
D. The parties shall execute all documents required to carry out the orders of this court. CT Page 7616
Article VI Alimony
A. Defendant is ordered to pay plaintiff as periodic alimony the sum of $125 per week until the first to occur of the following events, i.e.:
1. June 1, 2010, providing plaintiff at that time has commenced receiving the approximate amount of $1,310 per month by way of defendant's Municipal Employee Retirement Fund.
2. July 25, 2020.
3. Plaintiff's remarriage, providing that at that time plaintiff has been relieved of responsibility on the mortgage note relating to the family cottage in Chesterville, ME.
4. The death of either party.
B. Alimony shall be payable by way of immediate wage executions.
Article VII Other Orders
A. Life Insurance
Defendant is ordered to continue to maintain his two existing life insurance policies in the total face value of $44,000 with plaintiff as irrevocable beneficiary during such time as defendant shall be required to pay alimony to plaintiff. See Michel v. Michel, 31 C.A. 338 (1993).
B. Liabilities
With the exception of the Federal Plus loan listed on plaintiff's financial affidavit, each party will be solely responsible for the debts listed on his or her affidavit and will hold the other party harmless in that regard.
C. Health Insurance — Counsel Fees
The court makes no orders on these subjects.
D. Personal Property
In the event the parties are unable to reach an amicable agreement concerning the distribution of their family furniture and related items within forty-five days from date hereof, said property is ordered sold and the net proceeds ordered divided equally between the parties. CT Page 7617
BY THE COURT John D. Brennan Judge Trial Referee